1   THOMAS R. BURKE (State Bar No. 141930)
    DAVIS WRIGHT TREMAINE LLP
2   505 Montgomery Street, Suite 800
    San Francisco, California  94111
3   Telephone:     (415) 276-6500
    Facsimile:      (415) 276-6599
4   Email:  thomasburke@dwt.com

5   Attorneys for Plaintiffs
    NATIONAL PUBLIC RADIO, INC. and ERIC WESTERVELT
6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11  NATIONAL PUBLIC RADIO, INC. and ERIC      Case No. 3:20-cv-2587
    WESTERVELT,
12                                            **COMPLAINT FOR DECLARATORY AND
                     Plaintiffs,              INJUNCTIVE RELIEF FOR VIOLATION
13                                            OF THE FREEDOM OF INFORMATION
          v.                                  ACT, 5 U.S.C. § 552 et seq.**
14
    U.S. MARINES; U.S. NAVY; U.S.
15  DEPARTMENT OF DEFENSE,

16                   Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

1        Plaintiffs National Public Radio, Inc. and Eric Westervelt (collectively, "NPR" or

2  "Plaintiffs"), by their undersigned attorneys, allege as follows:

3                              **INTRODUCTION**

4        1.      Operation Vigilant Resolve – also known as the First Battle of Fallujah – involved

5  a military operation to apprehend or kill the perpetrators who killed four U.S. contractors in

6  Fallujah in the March of 2004 as well as the perpetrators who killed five American soldiers in

7  Habbaniyah.  On July 15, 2019, as part of an investigation into this operation, NPR Correspondent

8  Eric Westervelt made a FOIA request to the U.S. Marines for records of administrative

9  investigations – known as "JAGMAN" investigations – into U.S. Marines killed or injured during

10 Operation Vigilant Resolve in or around Fallujah, Iraq in the winter or spring of 2004.  *See, e.g.*,

11 https://www.nytimes.com/2004/04/09/world/the-struggle-for-iraq-combat-marines-battle-

12 guerrillas-in-streets-of-falluja.html; https://www.theatlantic.com/magazine/archive/2004/07/five-

13 days-in-fallujah/303450/.  More than eight months after NPR made its FOIA Request, no

14 responsive documents have been produced.

15       2.      NPR brings this action under the Freedom of Information Act, 5 U.S.C. § 552 *et*

16 *seq*., as amended ("FOIA"), to enjoin the U.S. Marines, the U.S. Navy and the U.S. Department of

17 Defense from continuing to improperly withhold agency records that are responsive to the FOIA

18 request NPR sent on July 15, 2019 (the "FOIA Request').  This FOIA action is necessary because

19 Defendants continue to withhold responsive records since NPR made the FOIA Request over eight

20 months ago, a constructive denial of the FOIA Request.

21       3.      The Freedom of Information Act "focuses on the citizens' right to be informed

22 about 'what their government is up to,'" by requiring the release of "[o]fficial information that

23 sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for*

24 *Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).  "[D]isclosure, not

25 secrecy, is the dominant objective" of FOIA.  *Dept't of Interior v. Klamath Water Users*

26 *Protective Ass'n*, 532 U.S. 1, 8, (2001) (internal quotation marks and citations omitted).  NPR

27 plays a critical role in providing information to citizens about "what their government is up to."

28 Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to

DAVIS WRIGHT TREMAINE LLP

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 3:20-cv-2587

play an "essential role in our democracy," to "bare the secrets of government and inform the people." *New York Times. Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J. concurring).

4.     Through its FOIA Request, NPR seeks to fulfill its journalistic function and to shine a public light on information about U.S. Marines killed or injured during Operation Vigilant Resolve in Iraq.

## PARTIES

5.     Plaintiff National Public Radio, Inc. is a non-profit multimedia organization and the leading provider of non-commercial news, information, and entertainment programming to the American public.  NPR's fact-based, independent journalism helps the public stay on top of breaking news, follow the most critical stories of the day, and track complex issues over the long term.  NPR reaches approximately 52 million people on broadcast radio, podcasts, NPR apps, and NPR.org each weekper month.  NPR distributes its radio broadcasts through more than 1,000 non-commercial, independently operated radio stations, licensed to more than 260 NPR members and numerous other NPR-affiliated entities.

6.     Plaintiff Eric Westervelt is a resident and citizen of the state of California and a journalist who works as a Correspondent on NPR's National Desk from an office in Berkeley, California.

7.     Defendant U.S. Marines is a component of Defendant U.S. Navy which is a component of Defendant U.S. Department of Defense ("DOD"), itself a component of the Executive Branch of the United States Government.  Defendants are each an "agency" within the meaning of 5 U.S.C. § 552(f).  Plaintiffs are informed and believe that the U.S. Marines has possession and control of the records sought by the FOIA Request.

## JURISDICTION

8.     This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701-706, and 28 U.S.C. § 1331.

## VENUE

9.     Venue in the Northern District of California is proper under 5 U.S.C. § 552(a)(4)(B) as Mr. Westervelt's work for NPR and his FOIA Request to the U.S. Marines

DAVIS WRIGHT TREMAINE LLP

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 3:20-cv-2587

1  occurred in Alameda County.  For the same reason, venue also is proper under 28 U.S.C. §

2  1391(e).

3      10.    Assignment to the San Francisco Division is proper under Civil Local Rule 3-2(c)

4  and (d) because Mr. Westervelt's work for NPR and his FOIA Request to the U.S. Marines

5  occurred in Alameda County, within this District.

6                                    **FACTS**

7      11.    Through the FOIA Request to the U.S. Army on July 29, 2019, Mr. Westervelt,

8  while employed for NPR, requested access to and copies (including electronic records) of:

9          a.  Records from administrative investigations (commonly referred to as "JAGMAN"

10             investigations) and other investigation, relating to U.S. Marines killed or injured

11             during Operation Vigilant Resolve in or around Fallujah, Iraq in the winter or

12             spring of 2004; and

13         b.  Records from an investigation ordered by Lieutenant General Greg Olsen into the

14             death of a Marine and the injury of another Marine from 2nd Battalion, 1st Marines

15             that may relate to actions taken by or ordered by Marines with the 1st Battalion, 11th

16             Marines, including then Captain Duncan Hunter.

17     12.    Mr. Westervelt also asked the U.S. Marines for a "waiver or reduction of fees"

18  because the information sought was for NPR's use "for a planned news story".  Attached as

19  **Exhibit A** is a true and correct copy of the FOIA Request.

20     13.    On August 5, 2019, the U.S. Marines acknowledged receipt of the FOIA Request.

21  Attached as **Exhibit B** is a true and correct of this acknowledgment of receipt.

22     14.    On August 28, 2019, on behalf of the U.S. Marines, Ms. Elisa Reyes wrote that

23  "[t]he time-frame that you are requesting are for records that we no longer have physically here in

24  Camp Pendleton (if we ever did have them).  I have requested that the archive center search based

25  on the criteria you provided."  Attached as **Exhibit C** is a true and correct copy of this response.

26     15.    On September 6, 2019, Mr. Westervelt wrote to Ms. Reyes and requested an update

27  on the status of the FOIA Request.  On September 10, 2019, Ms. Reyes responded that "I am still

28  awaiting on confirmation of records for your request.  I will inform you once I have been

DAVIS WRIGHT TREMAINE LLP

                                        3
COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 3:20-cv-2587

contacted.  Again, I appreciate your patience."  Attached as **Exhibit D** is a true and correct copy of this response.

16.     On September 17, 2019, Ms. Elias wrote to Mr. Westervelt:  "This is 1st Marine Division's final response to your request under the Freedom of Information Act (FOIA).  Please be advised that after diligent searches, no responsive records were located."  Ms. Elias also stated that "[t]his does not constitute a denial of records as no records were found by this command; however, I am advising you of your right to appeal this determination" and provided information about making an appeal.  Attached as **Exhibit E** is a true and correct copy of this response.

17.     NPR appealed this determination in an October 17, 2019, letter.  In the appeal, NPR noted:  "We have reason to believe, per reliable active duty military sources, that a report and or documents on this incident exists. We again request a thorough search for any records from administrative investigations (commonly referred to as "JAGMAN" investigations) and other investigations, relating to U.S. Marines killed or injured during Operation Vigilant Resolve in or around Fallujah, Iraq in the winter or spring of 2004; and records from an investigation ordered by then-Lieutenant General Greg Olsen into the death of a Marine and the injury of another Marine from 2nd Battalion, 1st Marines that may relate to actions taken by or ordered by Marines with the 1st Battalion, 11th Marines, including then Marine Captain Duncan Hunter."  Attached **as Exhibit F** is a true and correct copy of this correspondence.

18.     In a letter dated January 16, 2020, NPR's appeal was denied after the agencies insisted they "were unable to locate responsive records".  The letter informed that NPR "may seek judicial review of this decision by filing a complaint in an appropriate U.S. District Court."  Attached as **Exhibit G** is a true and correct copy of this correspondence.  Plaintiffs are deemed to have exhausted their administrative remedies with respect to the FOIA Request under 5 U.S.C. § 552(a)(6)(C)(i).

19.     NPR is informed and believes that Defendants possess at least one responsive investigative report:  a memorandum from the United States Central Command, Office of the Commander, involving "Investigation of Friendly Fire Incident on 12 April 2004, in the vicinity of Fallujah, Iraq, Company E, 2nd Battalion, 1st Marines (E/2/1)".  The memorandum, dated May 12,

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 3:20-cv-2587

2004, is 57 pages in length and details, "findings of fact, analysis, conclusions, and opinions as to the cause of the incident and contributing factors". The memorandum expressly provides that "Commander, USMARCENT will ensure the next of kin are injured service members are fully briefed on the findings of this Investigation and when that has been accomplished, USCENTCOM will authorize the public release of this report."

## FIRST CAUSE OF ACTION

### (Violation of FOIA)

20.　　Plaintiffs reallege and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

21.　　NPR's FOIA Request seeks "agency" records and within the Defendants' custody and control.

22.　　Defendants failed to produce any responsive records to NPR's FOIA Request. Plaintiffs have a legal right under FOIA to obtain the agency records they requested in their FOIA request, and there exists no "exceptional circumstances" or legal basis for Defendants' failure to respond to Plaintiffs' FOIA Request and to make these records available.

23.　　Defendants' failure to make promptly available the records sought by NPR's FOIA Request violates FOIA, 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(ii), and applicable regulations promulgated thereunder.

24.　　Plaintiffs are entitled to declaratory relief finding that Defendants have violated FOIA and are immediately entitled to receive all records responsive to their request.

25.　　Plaintiffs are further entitled to injunctive relief, ordering Defendants to immediately produce copies of all records responsive to Plaintiffs' FOIA Request without further delay.

DAVIS WRIGHT TREMAINE LLP

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the Court award them the following relief:

A.       Declare that Defendants violated FOIA in their response to NPR's FOIA Request;

B.       Order Defendants to immediately disclose the requested records to Plaintiffs and enter an injunction prohibiting Defendants from continuing to withhold the requested records;

C.       Order Defendants to immediately disclose any responsive records in their possession or control to Plaintiffs;

D.       Award Plaintiffs their reasonable costs and attorney's fees;

E.       Grant such further relief as the court may deem just and proper.


Dated:  April 15, 2020

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP


By:   /s/ *Thomas R. Burke*
        THOMAS R. BURKE

Attorneys for Plaintiffs
NATIONAL PUBLIC RADIO, INC. and ERIC
WESTERVELT

DAVIS WRIGHT TREMAINE LLP

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 3:20-cv-2587