1
DAVID L. ANDERSON (CABN 149604)
United States Attorney
2
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
3
JULIE C. REAGIN (CABN 167934)
Assistant United States Attorney
4

5
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
6
    Telephone: (415) 436-7025
    FAX: (415) 436-7181
7
    Julie.Reagin@usdoj.gov

8
Attorneys for Defendants United States Marine Corps,
Department of the Navy, and United States Department of Defense
9

UNITED STATES DISTRICT COURT
10

NORTHERN DISTRICT OF CALIFORNIA
11

OAKLAND DIVISION
12

13

14
NATIONAL PUBLIC RADIO, INC. and ERIC WESTERVELT,

15
        Plaintiffs,

16
    v.

17

18
U.S. MARINES; U.S. NAVY; U.S. DEPARTMENT OF DEFENSE,

19
        Defendants.

20

21

Case No. 3:20-CV-2587-YGR

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et seq.**

22
        Defendants United States Marine Corps ("USMC"), Department of the Navy, and United States

23
Department of Defense (collectively, "Defendants") hereby respond to Plaintiffs' Complaint as follows:

24
        1.      The first two sentences of Paragraph 1 consist of Plaintiffs' characterization of their

25
purpose and motivations and the FOIA request to which no response is required.  To the extent a

26
response is deemed required, Defendants admit that on July 15, 2019, Plaintiff Eric Westervelt filed a

27
FOIA request with the USMC and that the FOIA request at issue speaks for itself as the best evidence of

28

ANSWER
NO. 3:20-cv-2587-YGR

1

its contents.  Responding to the third sentence of Paragraph 1, Defendants admit that as of the date of the Complaint no responsive documents have been produced.  Defendants aver that the USMC is currently searching for records responsive to Plaintiffs' FOIA request and will produce documents that are actually responsive, and not exempt, to Plaintiffs.  Except as expressly admitted, Defendants deny the allegations in Paragraph 1.

2.      Paragraph 2 is Plaintiffs' characterization of the case, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

3.      The first two sentences of Paragraph 3 consist of characterizations of the FOIA and judicial opinions interpreting the FOIA.  The FOIA and the judicial opinions speak for themselves and are the best evidence of their contents.  As to the third sentence of  Paragraph 3, Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny them.  The fourth sentence of Paragraph 3 consists of characterizations of the First Amendment and a judicial opinion interpreting the First Amendment.  The First Amendment and the judicial opinion speak for themselves and are the best evidence of their contents.

4.      Paragraph 4 consists of Plaintiffs' characterizations of NPR's purpose and motivations in making its FOIA request to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of Paragraph 4.

5.      Responding to Paragraph 5, Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 5 and, on that basis, deny them.

6.      Responding to Paragraph 6, Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 6 and, on that basis, deny them.

7.      Responding to the first sentence of Paragraph 7, Defendants admit the USMC is a component of the Department of the Navy, which is a military department within the Department of Defense, which is an executive branch department of the United States.  The second sentence of

ANSWER
NO. 3:20-cv-2587-YGR

Paragraph 7 consists of a legal conclusion to which no response is required.  Except as expressly admitted, Defendants deny the allegations of Paragraph 7.

8.      Paragraph 8 consists of legal conclusions to which no response is required.

9.      Paragraph 9 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants are without sufficient knowledge to admit or deny the stated factual allegations of Paragraph 9.

10.     Paragraph 10 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants are without sufficient knowledge to admit or deny the stated factual allegations of Paragraph 10.

11.     Responding to Paragraph 11, which consists of characterizations of the FOIA request, Defendants admit the USMC received the FOIA request attached to the Complaint as Exhibit A on or about July 29, 2019.  The FOIA request speaks for itself and it the best evidence of its contents.  Except as expressly admitted, Defendants deny the allegations of Pargraph 11.

12.     Paragraph 12 consists of characterizations of the FOIA request.  The FOIA request speaks for itself and is the best evidence of its contents.

13.     Responding to Paragraph 13, Defendants admit the USMC sent Plaintiff Eric Westervelt the email dated August 5, 2019, attached as Exhibit B to Plaintiffs' Complaint.  The email speaks for itself and is the best evidence of its contents.

14.     Responding to Paragraph 14, Defendants admit the USMC sent Plaintiff Eric Westervelt the email dated August 28, 2019, attached as Exhibit C to Plaintiffs' Complaint.  The email speaks for itself and is the best evidence of its contents.

15.     Responding to Paragraph 15, Defendants admit that Plaintiff Eric Westervelt sent the USMC the email dated September 6, 2019, to which the USMC sent an email in response dated September 10, 2019, both of which are attached as Exhibit D to Plaintiffs' Complaint.  The emails speak

for themselves and are the best evidence of their contents.

16.     Responding to Paragraph 16, Defendants admit the USMC sent Plaintiff Eric Westervelt the email dated September 17, 2019, attached as Exhibit E to Plaintiffs' Complaint.  The email speaks for itself and is the best evidence of its contents.

17.     Responding to Paragraph 17, Defendants admit that Plaintiff Eric Westervelt sent the USMC the letter dated October 17, 2019, attached as Exhibit F to Plaintiffs' Complaint.  The letter speaks for itself and is the best evidence of its contents.

18.     Responding to Paragraph 18, Defendants admit that the USMC sent Plaintiff Eric Westervelt the letter dated January 16, 2020, attached as Exhibit G to Plaintiffs' Complaint.  The letter speaks for itself and is the best evidence of its contents.  The fourth sentence of Paragraph 18 consists of legal conclusions to which no response is required.  Except where expressly admitted, Defendants deny the allegations of Paragraph 18.

19.     Responding to Paragraph 19, Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 19 and, on that basis, deny them.  Defendants aver that the USMC is currently searching for records responsive to Plaintiffs' FOIA request and will produce documents are are actually responsive, and not exempt, to Plaintiffs.

20.     Defendants incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 19 above.

21.     Paragraph 21 consists of characterizations of the FOIA request.  The FOIA request speaks for itself and is the best evidence of its contents.  To the extent a resonse is deemed required, Defendants deny the allegations.

22.     Responding to the first sentence of Paragraph 22, Defendants admit that the USMC has not produced any responsive records to Plaintiffs' FOIA request as of the date of the Complaint.  The second sentence of Paragraph 22 consists of legal conclusions to which no response is required.  Except

as expressly admitted, Defendants deny the allegations of Paragraph 22.

23.     Paragraph 23 consists of legal conclusions to which no response is required.  The FOIA provisions and regulations promulgated thereunder speak for themselves and are the best evidence of their content.

24.     Defendants deny the allegations of Paragraph 24.

25.     Defendants deny the allegations of Paragraph 25.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Mootness)

2.     The Complaint raises claims that are or will become moot.

### THIRD AFFIRMATIVE DEFENSE
### (Statutory FOIA Exemptions)

3.     The FOIA requests that are the subject of this lawsuit implicate certain information that is protected from disclosure by one or more statutory exemptions.  Disclosures of such information is not required or permitted.

Defendant reserves the right to assert additional affirmative defenses as warranted.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that:

1.     Plaintiffs take nothing by their complaint;

2.     Defendants have judgment against Plaintiffs;

3.     Defendants be awarded their costs of suit; and

4.     For such other and further relief as the Court may deem proper.

1

2

3    DATED: May 26, 2020                    Respectfully submitted,

4                                           DAVID L. ANDERSON
                                            United States Attorney
5

6
                                           _____/s/ Julie C. Reagin_____
7                                           JULIE C. REAGIN
                                            Assistant United States Attorney
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER
NO. 3:20-cv-2587-YGR